# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:09-cr-45 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| ANTHONY GRAFF, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This criminal case is before the Court on Defendant's *pro se* motion for compassionate release. (Doc. 64).[1]

## I. BACKGROUND

On April 15, 2009, Defendant Anthony Graff was charged by way of Indictment with five counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). (Doc. 2). As charged, Defendant was subject to a mandatory minimum term of 5 years up to 20 years imprisonment on each count. 18 U.S.C. § 2252(b)(1).

On November 9, 2009, Defendant appeared before the Court and entered a plea of guilty to Counts 1 through 5 of the Indictment, pursuant to a plea agreement, in which the

---

[1] Defendant initially filed his motion for compassionate release *pro se*. (Doc. 64). At the recommendation of the Federal Public Defender's Office, the Court appointed counsel on behalf of Defendant. (Docs. 65, 66). Pursuant to Southern District of Ohio Amended General Order 20-21, counsel initially noticed his intent to file a motion. (Doc. 67). However, counsel later filed a notice that Defendant "instructed counsel not to pursue the motion for compassionate release." (Doc. 68). It is not clear whether Defendant intended to withdraw the motion entirely or merely intended to forego counsel's supplementation. Nevertheless, as the defense has not moved to withdraw the *pro se* motion, the Court issues this Order.

parties agreed to make certain non-binding recommendations regarding the application of the Sentencing Guidelines. (Docs. 18, 19). Specifically, the parties agreed to recommend an Adjusted Offense Level of 32, with the understanding that the Government may argue for the application of additional enhancements at the time of sentencing. (Doc. 18 at 2-3). The Court accepted Defendant's guilty pleas and ordered the preparation of the Presentence Investigation Report ("PSR"). (Doc. 19).

At the time of his plea hearing, Defendant admitted the facts set forth in his Statement of Facts. (Doc. 18 at 7-8; Doc. 55 at 22:6-24:6). In sum, Defendant admitted that, on at least five different occasions in 2006, he knowingly purchased and received child pornography online. (Doc. 18 at 7). Defendant further admitted that he possessed well over 600 images of child pornography, which included depictions of sadistic, masochistic, and violent conduct, as well as images depicting children under the age of 12. (*Id.* at 7-8). As further set forth in the PSR, Defendant also placed an online order for, and provided specific instructions for the content of, the creation of a custom video depicting a nine-year-old girl engaging in sexually explicit conduct. (PSR at ¶¶ 24-25).[2]

Prior to sentencing, Hon. Sandra S. Beckwith, to whom this case was assigned at the time of sentencing, issued two Orders resolving PSR objections and stating the Court's intended Guideline computation. (Docs. 45, 49). As calculated by the Court,

---

[2] Defendant's video solicitation was not part of his Statement of Facts. And although there was no evidence that Defendant's "custom" video was ultimately created, there was no dispute that Defendant solicited the video. (*E.g.*, Doc. 48 at 1-2; Doc. 54 at 4:13-5:8). Indeed, Defendant did not deny ordering the custom video, although he argued that the conduct did not warrant the application of an enhanced Guideline cross-reference to § 2G2.1. (Doc. 54 at 4:13-5:8).

2

Defendant's offense conduct resulted in a Total Offense Level of 35, a Criminal History Category I, and a Guideline Range of 168 to 210 months imprisonment. (Doc. 45; Doc. 49; Doc. 54 at 37:25-38:5).

On June 7, 2011, the case proceeded to sentencing, at which time the Court sentenced Defendant to a term of 210 months imprisonment on each count, to be served concurrently, followed by a lifetime of supervised release. (Doc. 51).

## II.   STANDARD OF REVIEW

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment," and "the court may not modify a term of imprisonment once it has been imposed," subject to limited exceptions. 18 U.S.C. § 3582(b), (c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such exception permits the Court to reduce a term of imprisonment, either upon a motion brought by the Bureau of Prisons ("BOP"), or on the defendant's own motion, seeking compassionate release. *Id.* at § 3582(c)(1)(A)(i). A defendant may file a motion for compassionate release with the Court after exhausting the BOP's administrative process, or thirty days after the warden receives the defendant's compassionate release request, whichever is earlier. *Id.* at § 3582(c)(1)(A).

To grant a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court must: **first**, find that "extraordinary and compelling reasons warrant [] reduction [of the sentence]"; **second**, find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission" (specifically, U.S.S.G. § 1B1.13); and **third**, consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Elias*, 984

3

F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020).

However, pursuant to Sixth Circuit precedent, the second step of the Court's three-step § 3582(c)(1)(A) inquiry—*i.e.*, finding that the reduction is consistent with U.S.S.G. § 1B1.13—<u>does **not** apply to motions brought by the *defendant*</u>. *Jones*, 980 F.3d at 1109 (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)); *Elias*, 984 F.3d at 519 (noting the Sixth Circuit's holding is consistent with the Second, Fourth, and Seventh Circuits, as well as the majority of district courts).

"The district court has substantial discretion," in deciding a motion for compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) ("The statute says that the district court 'may' reduce a sentence if it finds the first two requirements met; it does not say that the district court must do so").

Defendant bears the burden of showing that he is entitled to compassionate release. *E.g.*, *United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

## III. ANALYSIS

Here, Defendant has brought his own motion for compassionate release (as opposed to a motion brought by the BOP), and, therefore, the Court must undertake the first and third steps of the § 3582(c)(1)(A) inquiry. Accordingly, the Court will consider whether "extraordinary and compelling reasons" warrant a reduction in Defendant's sentence and, if so, will further consider whether such a reduction is warranted in light of the relevant section 3553(a) factors.

### A. Extraordinary and Compelling Circumstances

First, the Court must find that "extraordinary and compelling reasons warrant [the sentencing] reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not define the term "extraordinary and compelling reasons," and Congress delegated the task to United States Sentencing Commission. *See Ruffin*, 978 F.3d at 1004. However, "[i]n cases where incarcerated persons file motions for compassionate release, <u>federal judges … have full discretion to define 'extraordinary and compelling'</u> without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111 (emphasis added).

Here, Defendant asserts that the presence of COVID-19, coupled with his underlying medical conditions, constitute extraordinary and compelling reasons. (Doc. 64). Specifically, Defendant states that he suffers from heart disease, high blood pressure, sleep apnea, high cholesterol, diabetes, obesity, auto immune disease, psoriasis, and celiacs disease. (*Id.* at 1-2). Defendant also states that he had a heart attack prior to his imprisonment and has had two heart stents placed. (*Id.*)

As an initial matter, Defendant fails to provide any medical records in support of his motion. And this Court can deny Defendant's motion on that basis alone. *Elias*, 984 F.3d at 520.

To be sure, Defendant's PSR stated that he had a heart attack around 2006 and had two stents placed. (PSR at ¶ 74). And the CDC recognizes that having heart conditions can make a person more likely to experience complications from COVID-19. People with Certain Medical Conditions, CDC, *available at*: //www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 24, 2023). However, "facts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction," unless Defendant offers "evidence as to how these conditions have worsened since his sentencing." *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022). Defendant has not done so here. Admittedly, circumstances have changed since the time of Defendant's sentencing—*i.e.*, the COVID-19 pandemic. Nevertheless, many incarcerated individuals have underlying health conditions. And federal facilities are equipped to handle inmates' medical needs. Thus, the Court cannot find Defendant's heart condition to be an extraordinary and compelling reason for his release.

Moreover, the Sixth Circuit has held that, absent extenuating circumstances, the COVID-19 pandemic does not constitute an extraordinary and compelling reason for an inmate's release, given that COVID-19 vaccinations are available to federal prisoners.

6

*See, e.g.*, *McKinnie*, 24 F.4th at 588; *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (following *Lemons*).[3]

Here, Defendant acknowledges that he has received the COVID-19 vaccination. (Doc. 64 at 4). Additionally, COVID-19 appears to be well-controlled at Defendant's current facility of designation—FCI Fort Dix. As of December 27, 2023, there were no active COVID-19 cases at the facility. *See* BOP COVID-19 Statistics, BOP, *available at* https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed Dec. 27, 2023). In short, the mere possibility that Defendant may contract COVID-19 and develop serious complications does not give rise to extenuating circumstances to justify the extraordinary remedy of compassionate release.

In short, the risk of COVID-19, even accounting for Defendant's medical conditions, do not give rise to extenuating circumstances constituting an extraordinary and compelling reason for his release. Thus, the law in this Circuit forecloses Defendant's early release on COVID-19 grounds.

**B. 18 U.S.C. § 3553(a) Factors**

Having found that no "extraordinary and compelling reasons" exist to warrant compassionate release, the Court may deny the motion on that finding alone. *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the [required] prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others") (citing *Jones*, 980 F.3d at 1108; *Ruffin*, 978 F.3d at 1006). However, even

---

[3] For example, extenuating circumstances may include the inability to receive or benefit from a vaccine. *Lemons*, 15 F.4th at 751.

7

assuming *arguendo* that "extraordinary and compelling reasons" existed, the Court nevertheless finds that reduction is not warranted based upon its consideration of all applicable § 3553(a) factors.

Specifically, "the nature and circumstances" of Defendant's offense weigh against relief. 18 U.S.C. § 3553(a)(1). Defendant was convicted of receipt of child pornography. Defendant admitted that he possessed well over 600 images of child pornography, which included depictions of sadistic, masochistic, and violent conduct, and images depicting children under the age of 12. Defendant also admitted that he solicited the production of a custom video depicting a nine-year-old girl, instructing that the victim should engage in sexually explicit conduct of his specific choosing. In other words, Defendant did not stop at the receipt of child pornography. He also paid for a child to be abused again, on camera, for his own sexual gratification. Thus, the nature and circumstances of the offense weigh against release.

With regard to Defendant's history and characteristics, the Court acknowledges that Defendant had no criminal history prior to this offense, he did not relapse while on pretrial release, and his own sexual abuse at the hands of his mother and stepfather may be a root cause of his criminal behavior. 18 U.S.C. § 3553(a)(1).

Nevertheless, Defendant had what was described as a "houseful" of pornography, including numerous lengthy videos depicting the sexual abuse of children. Moreover, he did not just receive child pornography, he solicited it. His conduct contributed directly to the sexual exploitation and abuse of children. Therefore, the need for the sentence to

8

reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, and to protect the public, weigh against release. 18 U.S.C. § 3553(a)(2).

In short, at the time of sentencing, the sentencing Judge, upon consideration of all applicable 18 U.S.C. § 3553(a) factors, sentenced Defendant to a term of 210 months imprisonment. For purposes of Defendant's motion, this Court has also considered the applicable 18 U.S.C. § 3553(a) factors and, having done so, finds that the imposed sentence is appropriate. Indeed, the Court finds that the imposed sentence of 210 months imprisonment is sufficient but not greater than necessary, and further finds that any reduction of Defendant's sentence would fail to fully address the purposes of sentencing.

## IV.   IV.  CONCLUSION

Based upon the foregoing, Defendant's motion for compassionate release (Doc. 64) is **DENIED**.

**IT IS SO ORDERED.**

Date:  12/28/2023

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge